IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARIUS DURON ELAM, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-11-3274 |
| | § | |
| PATRICIA LYKOS, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER OF DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit complaining of the state courts' denials of his motion for post-conviction DNA testing regarding his 1984 conviction for aggravated robbery.

Having reviewed the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), the Court **DISMISSES** this lawsuit as frivolous and for failure to state a claim upon which relief may be granted, as shown below.

### I. BACKGROUND

Plaintiff states that he was denied due process by the state courts' denials of his motion for DNA testing under article 64.01 of the Texas Code of Criminal Procedure. Plaintiff contends that, under *Skinner v. Switzer*, ___ U.S. ___, 131 S. Ct. 1289, 1298 (2011), he has a constitutionally protected liberty interest in utilizing article 64.01 to obtain potentially exculpatory evidence to reverse his aggravated robbery conviction

because he is "actually innocent." (Docket Entry No. 1, p. 11.) Plaintiff requests this Court to order DNA testing of biological and forensic evidence in the State's possession.

The relevant facts as found by the state courts in the article 64.01 proceeding are as follow:

> In May of 1983, Richard Bowen was found in his car, dead from a gunshot wound to the head. A sheet of paper with [plaintiff's] fingerprint on it was later found inside the car. [Plaintiff] was arrested after he and another man made purchases with the complainant's credit cards. After he was placed in jail, [plaintiff] admitted to two cell mates that he and a partner obtained the credit cards from a man they had abducted and robbed. He also admitted they had taken the man to a parking lot or somewhere 'on Rice' and that he had shot the man in the head. Later, [plaintiff] admitted to another cell mate that [he] had abducted a man at gunpoint and was arrested for using the man's credit cards. According to the cell mate, [plaintiff] showed from newspaper clippings regarding the incident, said he and a friend had robbed the man mentioned in the clippings, and asked if the cell mate knew anything about a murder at Rice University.

*Elam v. State*, 2009 WL 3126413, *1 (Tex. App. – Houston [14th Dist.] 2009, pet. ref'd).[1]

Plaintiff filed his original article 64.01 motion with the trial court in 2007, seeking post-conviction DNA and fingerprint testing of the sheet of paper. The State responded that the exhibit had been destroyed in 1995, but other items from the offense were still available, such as a bullet, shoes, clothing, fingernail clippings, hair samples, and blood samples. *Id.* Plaintiff amended his motion in 2008 to request post-conviction DNA testing of these items identified by the State as available.

---

[1] Plaintiff states that he was originally charged with capital murder, but that the State reduced the charge to aggravated robbery shortly before trial.

The trial court denied the motion, and found that plaintiff had failed to allege sufficient facts to show that the items could be subjected to DNA testing that would produce exculpatory results, and that he failed to establish by a preponderance of the evidence that he would not have been convicted if DNA testing of the items yielded exculpatory results. *Id.* In reaching its decision, the trial court noted that a fingerprint expert witness at trial had identified plaintiff's fingerprint on the sheet of paper, and that plaintiff's cell mates in jail testified that he had admitted to committing the robbery with another person. *Id.*, at *2. The state court of appeals concluded that, "Because the evidence showed that [plaintiff] acted with another person, [plaintiff] has failed to show by a preponderance of the evidence that he would not have been convicted if DNA testing showed the presence of another person at the crime scene." *Id.* The appellate court affirmed the trial court's denial of the motion, and the Texas Court of Criminal Appeals refused discretionary review.

Plaintiff argues in the instant lawsuit that he was denied his constitutionally protected right to establish his innocence through post-conviction DNA testing under *Skinner*, and asks this Court to order DNA testing of the items.

## II. ANALYSIS

Under 28 U.S.C. § 1915A, a federal district court must review a prisoner's complaint as soon as practicable and dismiss any claims the court finds to be frivolous, malicious, or inadequate to state a claim upon which relief may be granted. A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law. *Brewster v.*

3

*Dretke*, 587 F.3d 764, 767 (5th Cir. 2009); *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Samford*, 562 F.3d at 678; *Geiger v. Jowers*, 404 F.3d 371, 372 (5th Cir. 2005).

To prevail under section 1983, a plaintiff must establish that (1) the conduct in question was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right secured by the Constitution or the laws of the United States. *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir. 2010). In *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. ___, 129 S. Ct. 2308 (2009), the Supreme Court determined that there is no free-standing substantiative due process right to post-conviction DNA testing for purposes of seeking exculpatory evidence of innocence. The *Osborne* Court held that it was up to the states to determine parameters for post-conviction DNA testing regarding state criminal convictions, subject to federal judicial oversight only as to procedural due process considerations. In its recent decision in *Skinner*, the Supreme Court further determined that a section 1983 lawsuit, as opposed to a section 2254 habeas proceeding, is the appropriate means for raising a procedural due process challenge to the denial of post-judgment DNA testing. *Skinner*, 131 S. Ct. at 1298. In *Garcia v. Castillo*, No. 11-70020, 2011 WL 2623580 (5th Cir. 2011), the Fifth Circuit Court of Appeals recently noted that *Skinner* did not enlarge the "slim" right of a state prisoner seeking DNA testing "to show that the governing state law denies him

4

procedural due process." *Id.*, at *2. Under *Garcia*, the federal courts are to intervene only if the State's framework "offends some principle of justice so rooted in the tradition and conscience of our people as to be ranked as fundamental, or transgresses any recognized principle of fundamental fairness in operation." *Id.*, p. 2 (internal quotations omitted). Thus, the question before this Court is whether, in context of a section 1983 lawsuit, the state courts' rejection of plaintiff's request for post-conviction DNA testing deprived him of any recognized federal constitutional right.

Article 64.01(b) of the Texas Code of Criminal Procedure authorizes post-conviction DNA testing of certain biological evidence that was either (1) not previously subjected to DNA testing or (2) although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test. Under article 64.03, the convicting court may order the DNA testing only if the convicted person establishes by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. It is this latter consideration that gives rise to plaintiff's complaints in the instant lawsuit.

Plaintiff alleges in his complaint that the sheet of paper was the only evidence offered at trial linking him to the aggravated robbery, and that it was falsified and fabricated by the State to place him at the scene of the crime. He argues that DNA testing of the State's other items in its possession would show that he was not at the scene and could not have committed the offense.

Although plaintiff expends numerous pages in denigrating the Houston Police Department's fingerprint lab and expert witness, he ignores the other reason asserted by the state courts for the denial of his post-conviction DNA request: testimony from his cell mates that he told them he had committed a robbery that matched precisely the salient facts of the instant crime. The trial court found that, "[b]ecause the evidence showed that [plaintiff] acted with another person, [plaintiff] fails to show by a preponderance of the evidence that he would not have been convicted if DNA testing showed the presence of another person at the crime scene." *Elam*, at *2. The state court's denial of plaintiff's article 64.01 motion did not deny him a protected liberty interest in establishing his innocence, as further testing would not create serious doubts as to his guilt of aggravated robbery. *See Garcia*, 2011 WL 2623580, at *2; *see also Osborne*, 129 S. Ct. at 2320 ("A criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man. At trial, the defendant is presumed innocent and may demand that the government prove its case beyond reasonable doubt. But '[o]nce a defendant has been afforded a fair trial and convicted of the offense for which he was charged, the presumption of innocence disappears.'").

Thus, even assuming post-conviction DNA testing of the other items would fail to reveal the presence of plaintiff's DNA, it would not exculpate him, as plaintiff told other witnesses that he committed his robbery with a partner. Plaintiff fails to set forth a claim showing that the state courts' rejection of his request for post-conviction DNA testing deprived him of any recognized federal constitutional right.

## III. CONCLUSION

This lawsuit is **DISMISSED** as frivolous and for failure to state a claim. 28 U.S.C. §§ 1915A and 1915(e)(2). Any and all other pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this Order to all parties; to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.

Signed at Houston, Texas, on this the 20 day of September, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE